IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DOROTHEA L. JOYNER, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 4:18-CV-37 (CDL) |
| NATIONWIDE HOTEL MANAGEMENT COMPANY, LLC, | * |
| | * |
| Defendant. | * |

O R D E R

It has been observed, somewhat sardonically, that "no good deed goes unpunished." In an attempt to save the *pro se* Plaintiff in this action the expense of pursuing unnecessary, costly discovery should her claim not be cognizable under Title VII, the undersigned has attempted to expedite consideration of the viability of Plaintiff's novel Title VII claim. This attempt at kindness has backfired with the Plaintiff ironically accusing the undersigned of personal bias in favor of the Defendant and its counsel. Rather than heading toward an expeditious resolution of this case on the merits, the undersigned is now diverted to deciding Plaintiff's motion for recusal.

Plaintiff seeks recusal pursuant to 28 U.S.C. §§ 144 & 455. Because Plaintiff's affidavit in support of her motion is insufficient on its face and because her alleged evidence of bias consists of her dissatisfaction with the Court's legal rulings,

1

her motion is denied. Section 144 requires disqualification if a judge has personal bias or prejudice either against a party or in favor of an adverse party. 28 U.S.C. § 144. To initiate a motion for disqualification pursuant to § 144, the party must file a "timely and sufficient" affidavit stating the facts and reasons for the party's belief of bias or prejudice. *Id*. Section 144 contemplates initial screening of a party's recusal affidavit in order to prevent manipulation of the judicial system by disgruntled litigants. *See Davis v. Bd. of Sch. Comm'rs of Mobile Cty.,* 517 F.2d 1044, 1051 (5th Cir. 1975) ("Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit.")[1] And, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Section 455 requires disqualification if the judge's impartiality "might reasonably be questioned" or if he has a personal bias or prejudice against a party. 28 U.S.C. § 455(a)-(b)(1). As explained in the remainder of this Order, Plaintiff's affidavit and motion fail to allege sufficient facts that demonstrate bias or prejudice; nor do they show that the impartiality of the undersigned might be reasonably questioned.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff filed this pro se lawsuit against her former employer. After initial difficulties between the parties regarding submission of a joint scheduling order, the Court conducted a scheduling conference. During that conference, the Court attempted to develop a plan that would "secure the just, speedy, and inexpensive determination" of this action and that was "proportional to the needs of the case." *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 26(b)(1). Plaintiff alleged that Defendant's employees sexually harassed her and created a hostile work environment *by spreading rumors that she allegedly had an affair with her boss.* Compl. ¶¶ 66-72, ECF No. 1. After reviewing Plaintiff's complaint and confirming her claims at the conference, the Court had some skepticism as to whether Plaintiff's claims were cognizable under Title VII. Given the novel nature of Plaintiff's legal theory, the Court concluded that the best course would be to initially determine the viability of such a legal theory under Title VII. If such a claim is not recognized under Title VII, deciding this issue at the beginning of the litigation will save the parties time and expense and conserve valuable judicial resources.

Consistent with this sentiment, the undersigned directed that Defendant take Plaintiff's deposition, and if Defendant concluded that it was entitled to summary judgment, assuming Plaintiff's deposition testimony to be true, then Defendant could file a motion

for summary judgment before additional discovery was conducted. The Court explained at the conference, however, that if Defendant relied upon any evidence beyond the Plaintiff's deposition or if it became evident that Plaintiff needed additional evidence to respond to the motion, then the Court would permit Plaintiff to conduct additional discovery. This procedure is of course recognized under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 56(b) (permitting summary judgment motion to be filed any time until 30 days after the close of discovery); Fed. R. Civ. P. 56(d) (allowing nonmovant to seek discovery to adequately respond to a motion for summary judgment when facts are unavailable to that party).

It is clear that the Court's procedure announced at the pretrial conference was not irregular and did not demonstrate bias or prejudice. Moreover, the Court's initial skepticism as to Plaintiff's novel Title VII theory likewise does not indicate bias. The Court made it clear that it had not pre-judged the claim and would not make a decision on the merits until after any motion was fully ripe. The Court simply had not encountered a claim like the one Plaintiff alleged, the viability of which the Court thought should be considered in the early stages of the litigation. The Court also notified the Plaintiff that if the circumstances warranted, she would be able to undertake additional discovery to respond to the summary judgment motion. Plaintiff, who genuinely

4

believes she has been wronged, fails to recognize that if she does not have a legal claim recognized under the applicable law, she will be better off with this expedited evaluation of her claim because she will not waste additional resources pursuing unnecessary discovery for a meritless claim. And if her claim is meritorious and Defendant's motion for summary judgment is denied, then she will not have been harmed because the case will proceed with an opportunity for additional discovery.

Plaintiff's disagreement with (and possible misunderstanding of) the Court's procedure do not support her conclusory allegations of bias and prejudice. Accordingly, Plaintiff's motion to disqualify the undersigned (ECF No. 44) is denied.[2]

IT IS SO ORDERED, this 19th day of September, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Plaintiff also filed a motion to expedite and a motion for default judgment regarding her motion to recuse. Her motion to expedite (ECF No. 48) is terminated as moot. Her motion for default judgment (ECF No. 49) is denied because Federal Rule of Civil Procedure 55 does not apply under these circumstances.