IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DOROTHEA L. JOYNER, | * |
| Plaintiff, | * |
| vs. | * |
| NATIONWIDE HOTEL MANAGEMENT COMPANY, LLC f/k/a WOODSPRING HOTELS PROPERTY MANAGEMENT, LLC, | *  CASE NO. 4:18-CV-37 (CDL) |
| Defendant. | * |

O R D E R

Dorothea Joyner brought this action against Nationwide Hotel Management Company seeking relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and state law.[1] Nationwide moves for summary judgment on all of Joyner's claims (ECF No. 53). For the following reasons, the Court grants summary judgment on Joyner's federal law claim and dismisses her state law claims without prejudice so that she may refile them in the appropriate state court.[2]

---

[1] Joyner also brought a "federal fraud" claim, but she has since abandoned that claim. Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. 12, ECF No. 58-3.

[2] The Court denies Joyner's motion to strike Nationwide's summary judgment motion (ECF No. 55). During a status scheduling conference on July 2, 2018, the Court granted Nationwide permission to file an expedited motion for summary judgment on Joyner's Title VII claim, and the Court directed Nationwide to assume for purposes of the motion that Joyner's factual assertions were true. Joyner argues that Nationwide violated that directive by not acknowledging some of her legal arguments in its summary judgment motion. But, Nationwide was never required to

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

DISCUSSION

Joyner asserts that she was sexually harassed when her co-workers, Nelwyn Smith and Robyn Evans, spread a rumor that she received a promotion because she slept with her boss, Bill Mark. The central issue for the Court to determine is whether a

---

assume for purposes of its motion that Joyner's legal arguments were true. Therefore, Nationwide did not violate the Court's direction on that basis. The Court also notes that Plaintiff has not demonstrated that she needs additional discovery to oppose the summary judgment motion, and thus she is not entitled to any relief pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. The Court observes that Nationwide's summary judgment motion assumes that Plaintiff's factual allegations are true but nevertheless deficient as a matter of law.

reasonable jury could find that Joyner suffered this alleged harassment *because of* her gender.

To make a prima facie showing of Title VII hostile work environment sexual harassment, Joyner must prove that Smith and Evans (both females) created a hostile work environment *because of* Joyner's sex (female). *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1301-02 (11th Cir. 2007). The Supreme Court has identified three ways in which a plaintiff might prove that this type of same-sex sexual harassment occurred *because of* the plaintiff's sex. *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 80-81 (1998). A plaintiff can show (1) that the harasser's behavior is motivated by homosexual desire for the plaintiff, (2) that the harasser used "such sex-specific and derogatory terms ... as to make it clear that the harasser is motivated by general hostility to the presence of [members of the same sex] in the workplace," or (3) that there is "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Id.* Joyner did not offer evidence that would satisfy any of these three scenarios.

There is no evidence that Smith and Evans spread the rumor about Joyner because they had a homosexual desire for her. There is also no evidence that Smith and Evans spread the rumor because they were motivated by a general hostility toward women in the workplace. Rumors of a heterosexual affair are not the type of

3

sex-specific statements from which a jury could infer a general hostility toward women because the rumors degrade both men and women equally. *See Pasqua v. Metro. Life Ins. Co.,* 101 F.3d 514, 517 (7th Cir. 1996) (finding that, because rumors of an affair affect men and women equally, these rumors alone did not show that harassment was based on sex); *Duncan v. Manager, Dep't of Safety, City & Cty. Of Denver*, 397 F.3d 1300, 1312 (10th Cir. 2005) (noting the same in dicta).

Joyner seems to focus primarily on establishing gender-related harassment under the third theory by alleging that Smith and Evans treated women worse than men in a mixed-sex workplace. Joyner's only evidence of this unequal treatment, though, is that Smith and Evans talked about the rumor in her vicinity more often than in Mark's vicinity. And, as Joyner seems to note, Smith and Evans likely did not talk about the rumor in Mark's vicinity because, unlike Joyner, Mark did not work in the Columbus office with Smith and Evans daily and had "no contact with [them]" after January 2017, not because he was a man. Pl.'s Sur-Reply 6, ECF No. 63. Evidence that one man, who had little interaction with the alleged harassers, was harassed less than a woman who worked with the harassers on a daily basis is not enough for a jury to find that the woman was harassed because she was a female. *See, e.g., Johnson v. Hondo, Inc*., 125 F.3d 408, 413 n.6 (7th Cir. 1997) (rejecting a mixed-sex workplace theory in part because no women

4

permanently worked in the area where the alleged harassment took place and they only occasionally passed through the area). Joyner points to no other instances where Smith and Evans treated women worse than men in their workspace.[3] Accordingly, Joyner fails to offer sufficient evidence to demonstrate that she was harassed because of her gender. Therefore, the Court grants Nationwide summary judgment on Joyner's Title VII claim.

Joyner's Title VII claim is the only basis for the Court's original jurisdiction. The Court declines to exercise supplemental jurisdiction over Joyner's remaining state law claims under 28 U.S.C. § 1367. Therefore, the Court dismisses Joyner's remaining claims without prejudice so that she may refile them in the appropriate state court.

IT IS SO ORDERED, this 19th day of February, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] Joyner does speculate that Smith and Evans would not have made up the rumor of an affair had a male employee been promoted. But, this is pure speculation which cannot create a fact dispute for purposes of summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005)("[U]nsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion." (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995))).

5